[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10223
Non-Argument Calendar

_____

Agency No. A094-277-159

JUSTO FERNANDO MENDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 31, 2020)

Before ROSENBAUM, EDMONDSON, and MARCUS, Circuit Judges.

PER CURIAM:

Justo Mendez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA's") denial of Mendez's motion for reconsideration. Mendez sought reconsideration of the BIA's 25 October 2017 order affirming the Immigration Judge's ("IJ's") denial of Mendez's application for cancellation of removal. Briefly stated, Mendez contends that a defective Notice to Appear ("NTA") deprived the IJ and the BIA of subject-matter jurisdiction over his removal proceedings. No reversible error has been shown; we deny the petition.

In 2012, the United States Department of Homeland Security issued Mendez an NTA charging Mendez as removable for being an alien convicted of a crime involving moral turpitude and for being an alien present in the United States without having been admitted or paroled. The NTA ordered Mendez to appear before an IJ in Miami, Florida, at a date and time "to be set." Mendez was later notified in writing of the time and date of the scheduled removal hearing and attended that hearing with his lawyer.

At the hearing, Mendez denied removability under the first charge and conceded removability under the second charge. Mendez also filed an application

2

for cancellation of removal.  The IJ denied the application and ordered Mendez removed.  On 25 October 2017, the BIA dismissed Mendez's appeal.  Mendez filed no petition for review in this Court.

In July 2018, Mendez filed a motion for reconsideration of the BIA's 25 October 2017 order in the light of the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018).  Mendez argued that the NTA -- which specified no date and time for his hearing -- failed to vest the IJ or the BIA with jurisdiction over his removal proceedings.

The BIA denied Mendez's motion.  The BIA determined that no legal or factual error supported reconsideration of its 25 October 2017 order.  The BIA also determined that Mendez's argument was foreclosed by the BIA's decision in Matter of Bermudez-Cota, 27 I. & N. Dec. 441 (BIA 2018).

We review the BIA's denial of a motion for reconsideration under an abuse-of-discretion standard.  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).

While Mendez's petition was pending in this Court, we issued our decision in Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148 (11th Cir. 2019).  In that case, we rejected Perez-Sanchez's argument that the IJ lacked jurisdiction over his removal proceedings when his NTA failed to include the time or date of his

3

removal hearing, in accordance with 8 U.S.C. § 1229(a)(1) and 8 C.F.R. § 1003.14(a). We concluded that the requirement that the NTA specify the time and date of a removal hearing constituted a claim-processing rule: not a jurisdictional rule. Perez-Sanchez, 935 F.3d at 1154-55. Thus, even though Perez-Sanchez's NTA was defective under 8 U.S.C. § 1229(a)(1) and 8 C.F.R. § 1003.14(a), the defect did not deprive the IJ or the BIA of jurisdiction over the removal proceedings. Id. at 1150, 1157.

No material difference exists between the circumstances involved in Mendez's case and the circumstances involved in Perez-Sanchez. Mendez's sole argument on appeal is thus foreclosed by our binding precedent. The BIA abused no discretion in denying Mendez's motion for reconsideration.

PETITION DENIED.

4